UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAHANGIR KALIMI LAHIGI,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MICHAEL L. BENOV.<br><br>　　　　Respondent. | ) Case No.: 1:11-cv-00628 AWI JLT (HC)<br>)<br>) FINDINGS AND RECOMMENDATION<br>) DENYING PETITION FOR WRIT OF HABEAS<br>) CORPUS<br>)<br>) (Doc. 1)<br>)<br>)<br>) |

Petitioner Jahangir Lahigi is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the results of a prison disciplinary hearing at which he was found guilty of a rules violation and assessed 13 days lost credit and denied visitation privileges for three months. For the reasons set forth below, the Court recommends that the Petition for Writ of Habeas Corpus be **DENIED**.

I.　**Factual Background**

On October 3, 2010, after having a family visit, Petitioner was strip searched. (Doc. 14 at 4) During the search, officers discovered a pair of black, Oakley sunglasses in Petitioner's pocket. Id. Petitioner explained he didn't know he had the sunglasses and asked to exchange them for his prescription glasses he had with them when he began the visit. Id. Though the prison officials attempted to locate the family members on the grounds of the prison, they had already left the prison by this time. Id. Given the possession of the sunglasses, Petitioner was charged with "Possession of

1

anything not authorized for retention or receipt by the inmate and not issued to him through regular channels." Id.

Petitioner was given notice of the rules violation on October 3, 2010 and advised on his rights on October 6, 2010 a hearing about the matter was held on November 4, 2010. (Doc. 14 at 5, 8)  At the hearing, Petitioner waived the presentation of witnesses and his right to have staff representation. (Id. at 8)

The investigative report regarding the event documented the above information including that Petitioner maintained that his having the sunglasses was a mistake (Id. at 5-6). Id. at 9.  With the report was a picture of the sunglasses at issue. Id. at 6.  In his written report finding Petitioner guilty of the charge, the hearing officer found Petitioner's claim that he was unaware of the swap of his reading glasses for the sunglasses because of the significant difference in the size of the two sets of glasses. Id. at 9.  Likewise, the hearing officer was convinced that had the family member accidentally picked up the reading glasses, he would have noticed the mistake as soon as he tried to place what he thought was sunglasses on his face. Id.  Coupled with the fact the family member did not attempt to return the reading glasses, the hearing officer found this explanation incredible. Id.  As a result of this determination, Petitioner was assessed 13 days loss of credit and three months of lost visitation privileges. Id. at 10.

Petitioner challenged the outcome of the hearing according to the Administrative Remedy Procedure but this appeal was denied. (Doc. 14 at 14)  Likewise, his appeal to the Office of General Counsel of the BOP was denied. Id. at 15.

**II.     Jurisdiction**

Habeas corpus relief is appropriate when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution during the prison disciplinary proceeding. If a constitutional violation has resulted in the loss of credits, it affects the duration of a sentence and may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876–78 (9th Cir. 1990). Thus, this Court has subject matter jurisdiction.  Moreover, at the time the petition was filed Petitioner was in custody at

the Taft Correctional Institute, located in Taft, California, which is located within the jurisdiction of this Court. Therefore, this Court is the proper venue. See 28 U.S.C. § 2241(d).

## III.  Standard of Review

"It is well settled 'that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'" Mitchell v. Maynard, 80 F.3d 1433, 1444 (10th Cir.1996) (quoting Taylor v. Wallace, 931 F.2d 698, 700 (10th Cir.1991)). Though not afforded the full panoply of rights, due process requires the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 454 (1985); Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Indeed, "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." Hill, 472 U.S. at 455 (citations omitted).

## III.  Analysis

In his petition, Petitioner asserts the outcome of the disciplinary hearing was not supported by sufficient evidence.[1]  In doing so, he rehashes the position that he took at the hearing and that he has maintained throughout, that he took the sunglasses by mistake.[2] (Doc. 1 at 6) In particular, Petitioner argues that he possessed the sunglasses unwittingly and, therefore, the possession could not have been knowingly done. Id. Petitioner argues that the fact the sunglasses were found in his pocket indicates that he did not intend to hide them. Id. In turn, this supports an inference of his mistake, not his culpable conduct. Id.

In making this argument, Petitioner misapprehends the role of this Court on review.  The Court

---

[1] Petitioner does not challenge the other requirements of due process for the hearing and the Court finds no evidence of any violation.  Petitioner was given timely notice of the charges and the hearing, he was given the right to call witnesses and to have representation and was provided written findings of the hearing officer.

[2] Petitioner refers to the sunglasses as "female sunglasses" and he may be right that they are made for women. However, nothing about their appearance, as documented in the photo, differentiates them from sunglasses made for men. (Doc. 14 at 6)

3

is not entitled to substitute its judgment for that of the prison officials but, instead, merely to determine whether "some evidence" exists to support the determination. Hill, 472 U.S.at 455-56 ["Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'] Instead, this Court is required to defer to prison officials who made the disciplinary decision because these proceedings "take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances." Id. at 456.

As noted above, the hearing officer found Petitioner's statement that he mistakenly took the sunglasses to be unbelievable. (Doc. 14 at 9) Notably, the hearing officer found that the two sets of glasses were markedly different. Id. Likewise, the hearing officer found that had the family member mistakenly grabbed Petitioner's reading glasses, this person would have realized very quickly the mistake upon placing the glasses on his/her face, presumably because of the lack of sun protection provided by the reading glasses and due to their modified lenses. Id. The hearing officer found it significant that the family member did not return the reading glasses which should have occurred had Petitioner made the mistake he claimed. Id. Though this evidence is not substantial, it does constitute "some evidence." Because the Court finds the hearing officer had "some basis in fact" (Hill at 456) when making the decision, the Court finds the disciplinary hearing must be upheld and Petitioner is not entitled to habeas relief.

**IV.    Findings and recommendation**

Based upon the foregoing, the Court HEREBY RECOMMENDS as follows:

1.    The petition from writ of habeas corpus (Doc. 1) be **DENIED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 21 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:  **July 10, 2013**    /s/ Jennifer L. Thurston
                                                                                 UNITED STATES MAGISTRATE JUDGE